STOTT v. DETROIT GOLF CLUB.

1. CLUBS—DELINQUENT DUES—INSTALMENT PAYMENT—MODIFICATION OF OFFER TANTAMOUNT TO REJECTION.

Incorporated golf club's written proposal to member that payment for delinquent dues be made in instalments along with monthly remittance of current obligations *held*, not accepted by member's signature thereon with modification that her signature was not an admission that her indebtedness was for more than two months, a shorter period than that claimed by defendant, and that she did not waive any claims she had against the club, but such modification amounted to a rejection of the offer.

2. Same—Delinquent Dues—Qualified Acceptance of Proposal for Instalment Payment.

Incorporated golf club which submitted written proposal for instalment payment of delinquent dues of plaintiff, one of its members, who qualified her acceptance thereof, was not obliged to notify plaintiff that her qualified acceptance was treated as a rejection notwithstanding she lived near club and could have been reached by telephone.

3. Same—Delinquent Dues—Sale of Membership.

Member of an incorporated golf club who became delinquent in payment of dues and indebtedness to club and whose membership was sold to another pursuant to provision of by-laws held, not entitled to cancellation of such sale under record presented.

4. Same—Sale of Membership—Notice of Forfeiture—Waiver.

In suit to set aside sale of plaintiff's membership in an incorporated golf club because of defendant's alleged waiver of notice of forfeiture and sale of the membership required by by-law, record held, not to sustain plaintiff's claim that defendant did waive such notice.

Appeal from Wayne; Webster (Arthur), J. Submitted April 13, 1939. (Docket No. 73, Calendar No. 40,448.) Decided July 6, 1939.

Bill by Bertha A. Stott against Detroit Golf Club, a Michigan corporation, to nullify sale of membership certificate, for an injunction and other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*Walters & Head* (*Nathan R. Berke,* of counsel), for plaintiff.

*Lightner, Crawford, Sweeny, Dodd & Mayer* (*George D. Haller,* of counsel), for defendant.

North, J. Plaintiff possessed a class "A" membership in the defendant golf club. Such membership not only entitled plaintiff to club privileges but it also vested in the holder an interest in all the

club's property "proportionate to its class A membership." Plaintiff became delinquent in payment of club dues, and on August 22, 1932, the board of directors adopted a resolution ordering that the membership certificates of plaintiff and other delinquent members be sold at auction on September 20, 1932, at 12 o'clock noon. Plaintiff had been suspended for nonpayment of dues, but dues were charged against her during the suspension period. At the time her stock was ordered sold, defendant claimed plaintiff owed it $307.05, for dues from July, 1931, to and including August, 1932. In an effort to enable its members to pay their indebtedness and to retain their memberships, the club directors authorized its treasurer to enter into arrangements for instalment payments. Shortly before the date fixed for the sale of her membership a proposal for paying her indebtedness in instalments was made to plaintiff, the information being brought to her by her brother at the suggestion of the club's treasurer. Late in the afternoon of September 19th, the day before the sale, a memorandum of a plan adjusting plaintiff's indebtedness was delivered to her. It provided that she should pay her current obligations to the club on or before the 15th of each month and, at the same time, she should pay $25 additional to apply on accrued indebtedness. Plaintiff signed the memorandum of the proposed agreement, but she added thereto the following:

"Although I have signed the foregoing agreement and will pay the amount specified, I do not admit that I am indebted to the Detroit Golf Club for more than a period of two months. I do not waive any claims I have against said club.

"Bertha A. Stott."

Plaintiff did not return the memorandum until 15 or 20 minutes before the sale set for noon on the

20th of September, when it was delivered by a messenger to defendant's treasurer. The treasurer considered plaintiff's modification of the proposed settlement worked a nullification of the result sought to be accomplished, and amounted to a rejection of the proposal rather than an acceptance. Obviously plaintiff's modification did nullify the proposal which was made on the basis of defendant's claim that plaintiff's indebtedness amounted to $307.05, as specified in the notice of sale. The result of plaintiff's qualifying addition to the submitted proposal was to notify defendant of an impending controversy rather than to agree to the proposed adjustment. It was not an acceptance of defendant's proposal. Plaintiff was bound to know that her qualifying addition defeated one of the definite purposes of the proposal and, therefore, amounted to a rejection. There is no merit in plaintiff's contention that before selling her membership defendant's treasurer should have notified her that her qualified acceptance of the proposal was considered by defendant as a rejection. Her conduct amounted only to a counter proposal, and the duty was plaintiff's to learn in advance of the sale whether it was accepted or rejected by defendant. This is true notwithstanding plaintiff lived near the club, could have been reached by telephone, and defendant's treasurer did not call her. She could have telephoned as easily as he. She was bound by her own rejection and had no right to rely further upon the proposal tendered to her the day before.

After notice to plaintiff and at the time fixed, plaintiff's membership was sold at auction to defendant, and subsequently resold by defendant to a third party for $310. Defendant promptly notified plaintiff of the sale. The amount received by defendant in excess of plaintiff's indebtedness to it was

$2.95. Defendant tendered payment to plaintiff of this amount but it was rejected. Substantially five years after plaintiff's membership was sold, she filed this bill in equity. The relief sought is cancellation of the sale of plaintiff's membership certificate, No. 441; and that a mandatory injunction issue, requiring defendant to restore to plaintiff her membership certificate and all her rights and privileges as a member of the Detroit Golf Club upon payment by plaintiff of such an amount as may be found to be due defendant. Plaintiff's appeal is from the decree entered in the circuit court dismissing her bill of complaint.

It is plaintiff's claim that defendant wrongfully charged club dues against her over a period of months during which she was suspended from membership, and that instead of being indebted to defendant for $307.05, she was indebted in a much smaller amount. In her qualified acceptance of defendant's proposal she admitted owing dues for two months only. This was approximately $45. She asserts in her bill of complaint a right to relief on the ground that defendant "unlawfully, wrongfully and surreptitiously" sold her membership interest in the golf club and its property after she had executed the proposed agreement in the manner hereinbefore noted and without notifying plaintiff that her qualified acceptance of defendant's proposal was rejected by defendant.

The circuit judge was correct in holding that the sale of plaintiff's membership, for which provision was made in defendant's by-laws, was valid and that no reason appears for cancellation of such sale.

Pending this appeal appellant has sought to amend the record in this court by asserting as a further ground for reversal that the circuit judge erred in refusing to find defendant had waived its notice of

forfeiture and sale, and that thereby the sale was rendered invalid, no notice of sale having been given subsequent to such waiver, and notice of sale being required by defendant's by-laws. Our review of this record satisfies us that defendant did not waive its notice of sale which was given to and received by plaintiff. There is no merit to the claimed defense of waiver.

The decree entered in the circuit court is affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred.